Edward PASSARO, Appellant,

v.

NORFOLK & WESTERN RAILWAY
COMPANY, Appellee.

No. 7609.

United States Court of Appeals
Fourth Circuit.

Argued April 11, 1958.

Decided April 17, 1958.

Howard I. Legum, Norfolk, Va. (Louis B. Fine, Norfolk, Va., on the brief) for appellant.

Leigh D. Williams, Norfolk, Va. (Williams, Cocke, Worrell & Kelly, Norfolk, Va., on the brief), for appellee.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and THOMSEN, District Judge.

SOBELOFF, Chief Judge.

Plaintiff, a railroad employee, suffered a back injury on December 29, 1956, in stepping from a train onto a lump of coal, but returned to work on January 1, 1957. On the latter date, while trying to "throw" a track switch, which was unusually difficult to move, he felt an intense back pain and was taken to a hospital.

A complaint was filed under the Federal Employer's Liability Act, 45 U.S. C.A. Sec. 51 et seq., alleging the negligent maintenance of the switch on January 1. There is no claim for injuries occurring on December 29.

An issue at the trial was whether the plaintiff's disability which lasted about one month, was in fact the result of the event of December 29, for which the employer would not be liable; or was due to prostatitis, as claimed by the defendant, for which likewise the defendant could not be held responsible; or was the effect of the switch-pulling strain on January 1 upon a previous condition, in which case, assuming negligence on the defendant's part, there would be liability.

At the trial three doctors testified. One, Dr. DeLaura, the plaintiff's attending physician who had examined him several times, concluded that the plaintiff's pain was caused by exertion in the switch-pulling on January 1, and that the injury suffered by the plaintiff that day aggravated a pre-existing condition which he attributed to the injury of December 29. In his opinion, the plaintiff's back pain could not have been caused by prostatitis. Another physician, Dr. Leigh, testified that when the plaintiff was brought to the hospital on January 1, his urine showed "pus and shreds and some blood." On this basis he concluded that the plaintiff had prostatitis, and he gave it as his "impression" that the prostatitis caused the pain. The third physician to testify was Dr. Vann, an orthopedic surgeon to whom the plain-

tiff's attending physician, Dr. DeLaura, referred him. In Dr. Vann's opinion, it was equally probable that the prostatitis, or the incident on December 29, or that on January 1, the one for which suit was brought, could have caused the disability.

In this state of the medical testimony, the District Judge declared it unnecessary to decide the issue of the defendant's negligent maintenance of the switch. Confronted by three distinct alternatives as to the cause of the plaintiff's disability, the District Judge, as the trier of the facts, based his conclusion upon Dr. Vann's testimony. He found as a fact that the plaintiff did not meet the burden of proving by a fair preponderance of the evidence that his disability resulted from a cause for which the defendant is liable. While the Judge recognized that recovery may be had for aggravation of a pre-existing injury, he held that the plaintiff's evidence did not establish that the accident complained of either caused or aggravated his condition.

The appeal was pressed upon the theory that the Judge erroneously decided the issue as one of law. If this had been a jury trial, we should agree that it would have been error for the Judge to undertake to decide the disputed issue of fact without submitting it to the jury. But the case was heard by the Judge alone, trial by jury having been waived, and he clearly indicated that his decision was made as trier of the facts.

Included in the transcript is the following statement made by the Judge in explaining his decision:

> "And I am the jury now. I am not ruling on any motion on these things. But if I were sitting on a jury and got out with eleven other jurors and tried to discuss reasonably and intelligently what caused this man's condition that existed in January, 1957, I wouldn't have the remotest idea. And the burden rests on him, flat-footedly."

We think it indisputable that there was ample basis in the record for the view of the facts which the Judge adopted, and we cannot say that he was "clearly erroneous." See Rule 52, F.R.C.P., 28 U.S.C.A.

Finding no error of law, the judgment is

Affirmed.